**UNITED STATES BANKRUPTCY COURT**
**FOR MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE: | : |
| | :     **CHAPTER 13** |
| **RODNEY B. ROSS** | : |
| | :     **CASE NO. 16-52609 aec** |
| Debtor. | : |

NOTICE OF MOTION

RODNEY B. ROSS HAS FILED DOCUMENTS WITH THE COURT TO MODIFY HIS CHAPTER 13 PLAN BEFORE CONFIRMATION.

**YOUR RIGHTS MAY BE AFFECTED.** You should read these documents carefully and discuss them with your attorney, if you have one in this bankruptcy case. **If you do not have an attorney, you may wish to consult one.** If not served with this notice in accordance with the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, a copy of the motion may be obtained upon written request to counsel for the Movant (identified below) or at the Clerk's office.

If you do not want the court to modify the Chapter 13 plan before confirmation or if you want the court to consider your views on the motion to modify before confirmation, then you or your attorney shall file with the court a written objection to Confirmation seven (7) days prior to the Plan Confirmation date listed below. The objection or response should be sent to:

    Clerk, U. S. Bankruptcy Court
    Middle District of Georgia
    P. O. Box 1957
    Macon, Georgia 31202

**If an objection or response is filed, a hearing on the motion to modify before confirmation shall be held on:**
**February 27, 2017 at 1:30 p.m. in Courtroom A, 433 Cherry Street, Macon, Georgia 31201.**

If you mail your response or objection to the court for filing, you shall send it early enough so the court will **receive** the objection or response on or before the response date stated above.

Any response or objection shall also be served on the movant.

**If you or your attorney does not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to M.D. GA. LBR 9004-1(c).

Dated this 25th day of January, 2017.

    JASON M. ORENSTEIN
    ATTORNEY FOR DEBTORS
    POST OFFICE BOX 4086
    MACON, GEORGIA 31208-4086
    (478) 743-6300; jmopclaw@yahoo.com

**UNITED STATES BANKRUPTCY COURT**
**FOR MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| IN RE: : | |
| : | CHAPTER 13 |
| **RODNEY B. ROSS** : | |
| : | CASE NO. 16-52609 aec |
| Debtor. : | |

**MOTION TO MODIFY CHAPTER 13 PLAN BEFORE CONFIRMATION**

Comes now, RODNEY B. ROSS, debtor in the above-captioned matter and under the authority of 11 U.S.C. § 1323, hereby moves this Court to modify his proposed Chapter 13 Plan, and in support thereof respectfully shows the following:

1.

On December 21, 2016, the debtor filed the above Chapter 13 petition and a proposed Chapter 13 plan. In filing this Motion the debtor seeks to modify his proposed Chapter 13 Plan as set forth in the Modified Chapter 13 plan attached hereto.

2.

After notice and opportunity for objections, the debtor's new plan should be confirmed.

WHEREFORE, the debtor prays that his Modified Chapter 13 Plan be accordingly granted.

This 25th day of January, 2017.

/s/ Jason M. Orenstein
JASON M. ORENSTEIN
State Bar # 554302
Attorney for Debtor

1922 Forsyth Street
P.O. Box 4086
Macon, GA 31208-4086
(478) 743-6300; jmopclaw@yahoo.com

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the within and foregoing *Motion to Modify Chapter 13 Plan Before Confirmation* upon the Office of the Chapter 13 Trustee via electronic mail and upon those creditors listed on attached Exhibit "A" by sending a copy of same via United States mail with sufficient postage affixed thereto.

This 25th day of January, 2017.

/s/ Jason M. Orenstein
JASON M. ORENSTEIN
State Bar No. 554302
Attorney for Debtor

1922 Forsyth Street
P.O. Box 4086
Macon, Georgia 31208
(478) 743-6300; jmopclaw@yahoo.com

```
Citizens Bank NA
PO Box 255587
Sacramento, CA 95865-5587

Citizens Bank NA
1 Citizens Drive
Mailstop ROP15B
Riverside, RI 02915

Combined Employees Credit Union
593 Russell Pkwy
Warner Robins, GA 31088

Greensky
P.O. Box 530584
Atlanta, GA 30353-0584

Home Depot/CBNA
PO Box 6497
Sioux Falls, SD 57117

Houston County Tax Comm.
P.O. Box 1199
Perry, GA 31069

Robins Federal Credit Union
P.O. Box 6849
Warner Robins, GA 31095

State Home Mortgage
60 Executive Park S.
Atlanta, GA 30329

United Consumer Fin Svc
865 Bassett Road
Westlake, OH 44145-1142

United Consumer Financial Service
Bass & Associates, P.C.
3936 E. Ft. Lowell Road, Suite #200
Tucson, AZ 85172-1083

United Consumer Financial Serv.
Bass & Associates, P.C.
3936 E. Ft. Lowell Road, Suite #200
Tucson, AZ 85172-1083

Yard Card
100 Macarthur Bv
Mahwah, NJ 07430
```

UNITED STATES BANKRUPTCY COURT
FOR MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

IN RE: :
: CHAPTER 13
RODNEY B. ROSS :
: CASE NO. 16-52609 aec
Debtor. :

## MODIFIED CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and debtor(s) (or the debtor's (s') employer) shall pay to the trustee the sum of $600 monthly.

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.
(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

**NONE.**

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | MONTHLY AMOUNT |
|---|---|
| **Citizens Bank** | **$190** |
| **Combined Employees CU (pre & post)** | **$ 50** |
| **United Consumer Finance** | **$ 10** |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing.

| NAME OF CREDITOR | AMOUNT DUE | INTEREST | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Citizens Bank** | $19,281.01 | 5% | '14 Toyota Camry | $375 |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| **Combined Employees CU** | $7,379.87 (3 claims) | debt | 5% | '01 Toyota Tundra | $140 |
| **United Consumer Finance** | $ 704 | debt | 5% | Kirby vacuum cleaner | $ 20 |

(f) Attorney fees pursuant to 11 U.S.C. § 507(a)(2) of $3000 to be paid pursuant to the Administrative Order on attorney fee awards.

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows.

(h) The following collateral is surrendered to the creditor. **NONE.**

(i) The following domestic support obligations will be paid over the life of the plan as follows: **NONE.**

(j) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt. **NONE.**

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts: **Debtor shall pay direct payments on note to State Home Mortgage secured by residence located at 214 Scarborough Rd., Centerville, GA.**

(m) Special provisions: **Upon completion of plan payments and Chapter 13 discharge, Citizens Bank, Combined Employees CU and United Consumer Finance shall release lien on collateral.**

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

    (i) Debtor will pay all of his disposable income as shown on Form B22C of $____0___ to the non priority unsecured creditors in order to be eligible for a discharge.

    (ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $____0_____. Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

    (iii) The debtor will pay $_0__ to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only)

    __% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii) or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

    The debtor(s) will make payments for _58__ months and anticipates a dividend of _0_%, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding § 1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor shall be insured by the debtor. The Chapter 13 Trustee will not and is not required to insure assets, and has no liability for injury to any person, damage or loss to any property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance motions or litigation involving the validity of liens, or preference actions will be reserved and can be pursued after confirmation. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date 01/25/2017                                    /s/ Rodney B. Ross
                                                   Debtor